UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JUDICIAL WATCH, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.  14-1872 (RMC) |
| INTERNAL REVENUE SERVICE, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Judicial Watch, Inc. sues the Internal Revenue Service (IRS) to obtain records under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.* (FOIA).  IRS has filed a Motion for Summary Judgment, arguing that it is entitled to summary judgment because it conducted an adequate search in response to Judicial Watch's FOIA request, validly invoked FOIA exemptions to withhold records, and properly declined to release non-responsive records.  For the reasons below, the Court will grant the motion for summary judgment.

**I.  FACTS**

In an August 8, 2014 letter to IRS, Judicial Watch submitted a request under FOIA for the following records:

> a) Any and all records concerning, regarding, or related to communications between the IRS and the Freedom From Religion Foundation (FFRF) on the promotion of political issues, legislation, and candidates by churches and other tax-exempt religious organizations; and
> b) Any and all records concerning, regarding, or related to IRS monitoring of churches and other tax-exempt religious organizations to ensure that such organizations are not engaging in the promotion of political issues, legislation, and candidates.

Mot. for Summ. J. [Dkt. 12], Declaration of A. M. Gulas (Gulas 1st Decl.), Ex. A.  IRS responded to Judicial Watch's FOIA request by letter dated September 8, 2014 and requested an extension until October 31, 2014 to provide a final response.  Judicial Watch filed suit here on November 6, 2014 after IRS did not further respond to its FOIA request.  Gulas 1st Decl. ¶ 4.

Pursuant to a joint stipulation filed on January 5, 2015, the parties agreed that Judicial Watch's FOIA request did "not seek information regarding or relating to examination files or other taxpayer return or return information as defined by 26 U.S.C. § 6103."[1] *See* Stipulation [Dkt. 10].  IRS had earlier identified forty (40) pages of records in response to item 1 of Judicial Watch's FOIA request "as originally submitted to the Internal Revenue Service."  *See* Supplemental Decl. of A. M. Gulas [Dkt. 16-1] ¶ 3 (Gulas Supp. Decl.).  By letter dated January 15, 2015, IRS informed Judicial Watch that it would not produce any of the 40 pages of records because it considered the records non-responsive to Judicial Watch's FOIA request in light of the parties' stipulation.  Gulas 1st Decl., Ex. A.

Pending before the Court is IRS's motion for summary judgment.  IRS thereafter filed a motion for leave to submit a declaration and an addendum brief providing detailed descriptions of the 40 pages of contested records for *in camera*, *ex parte* review, which the Court granted.  *See* 6/4/15 Minute Order.[2]  IRS delivered to chambers for *in camera*, *ex parte* review the Gulas 2nd Declaration and its addendum.  *See* Notice of Compliance [Dkt. 17].

---

[1] 26 U.S.C. § 6103(a) provides that "return information" shall be confidential and shall not be disclosed except as authorized.  *See* 26 U.S.C. § 6103.

[2] IRS argued that it was "unable to publicly describe those pages in detail without violating the prohibition against disclosure contained in 26 U.S.C. § 6103."  *See* Mot. for Leave to Submit Documents For the Court's *In Camera* Review [Dkt. 14] at 2.

## II.  LEGAL STANDARD

IRS contends that it is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact.  *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  Summary judgment is properly granted against a party who "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In ruling on a motion for summary judgment, a court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true.  *Anderson*, 477 U.S. at 255.  A nonmoving party, however, must establish more than "[t]he mere existence of a scintilla of evidence" in support of its position.  *Id.* at 252.

FOIA cases are typically and appropriately decided on motions for summary judgment.  *Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *Rushford v. Civiletti*, 485 F. Supp. 477, 481 n.13 (D.D.C. 1980), *aff'd*, *Rushford v. Smith*, 656 F.2d 900 (D.C. Cir. 1981).  In a FOIA case, a district court may award summary judgment solely on the basis of information provided by the agency in affidavits when the affidavits describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith."  *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  Affidavits submitted by the agency to demonstrate the adequacy of its response are presumed to be in good faith.  *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981).

### III.  ANALYSIS

As an initial matter, IRS argues that it conducted an adequate search for records responsive to Judicial Watch's FOIA request and properly invoked FOIA exemptions to justify withholding records responsive to item 2 of the request.  *See* Mem. for Summ. J. [Dkt. 12-1] at 3-9.  Judicial Watch does not respond to either of these arguments, and the Court treats them as conceded.  *See Hopkins v. Women's Div., Gen. Bd. of Global Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd*, 98 Fed. Appx. 8 (D.C. Cir. 2004) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.").

The sole issue remaining in this case is whether IRS properly withheld 40 pages of records located in connection with item 1 of the FOIA request.  IRS asserts that the records are non-responsive to Judicial Watch's FOIA request in light of the stipulation that Judicial Watch does not seek records that constitute "return information" as defined by 26 U.S.C. § 6103.  IRS maintains that the 40 pages of records are therefore not subject to FOIA's disclosure requirements.  Judicial Watch argues that IRS has improperly withheld the records because it has failed to demonstrate with particularity that the records qualify as "return information" or are exempt from disclosure under a valid FOIA exemption.  Judicial Watch contends that the Gulas 1st Declaration, filed on the public record, contains insufficient detail for the Court to evaluate whether IRS has validly withheld the records, particularly in the absence of a *Vaughn* index.[3]

---

[3] A *Vaughn* index, which is named after the case *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), generally "indicates in some descriptive way which documents the agency is withholding and which FOIA exemptions . . . apply . . . . [T]here is no fixed rule establishing what a *Vaughn* index must look like, and a district court has considerable latitude to determine its requisite form and detail in a particular case." *ACLU v. CIA*, 710 F.3d. 422, 432 (D.C. Cir. 2013).  "In the usual case, the index is public and relatively specific in describing the kinds of documents the agency

>The Internal Revenue Code broadly defines "return information" as
>
>>a taxpayer's identity, the nature, source, or amount of his income, payments, receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments, whether the taxpayer's return was, or is being examined, or subject to other investigation or processing, or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence of liability (or the amount thereof) of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition or offense . . .

26 U.S.C. § 6103(b)(2). Judicial Watch stipulated that it does not seek records "regarding or relating to . . . taxpayer return or return information as defined by 26 U.S.C. § 6103." *See* Stipulation [Dkt. 10].

The Gulas 2nd Declaration provides detailed descriptions of the 40 pages of contested records with more than sufficient information for this Court to determine the nature of the records. Therefore, the Court finds that its review of the records themselves is unnecessary. On the basis of the Gulas 2nd Declaration, the Court finds that the 40 pages of records that IRS withheld consist entirely of return information within the meaning of 26 U.S.C. § 6103. Because of the constraints on IRS's release of "return information," it was proper for IRS to submit the Gulas 2nd Declaration for *ex parte*, *in camera* review in lieu of a *Vaughn* index. Furthermore, because Judicial Watch stipulated that it did not seek such information, the Court concludes that the 40 pages of records are non-responsive to Judicial Watch's FOIA request. *See Competitive*

---

is withholding." *Id*. However, "an agency may even submit other measures in combination with or in lieu of the index itself," such as supporting affidavits. *Judicial Watch, Inc. v. Food & Drug Admin.*, 449 F.3d 141, 146 (D.C. Cir. 2006). "Any measure will adequately aid a court if it 'provide[s] a relatively detailed justification, specifically identif[ies] the reasons why a particular exemption is relevant and correlat[es] those claims with the particular part of a withheld document to which they apply.'" *Id*. (citing *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977)).

*Ent. Inst. v. E.P.A.*, 12 F. Supp. 3d 100, 114 (D.D.C. 2014) ("Documents that are 'non-responsive' to a FOIA request . . . are simply not subject to the statute's disclosure requirements, and agencies may thus decline to release such material without invoking a statutory exemption."); *see also Wilson v. Dep't of Transp.*, 730 F. Supp. 2d 140, 156 (D.D.C. 2010) ("[b]ecause an agency has 'no obligation to produce information that is not responsive to a FOIA request,'" agencies' redaction of non-responsive information was proper) (citation omitted). Accordingly, IRS "may decline to release such material without invoking a statutory exemption." *Competitive Ent. Inst.*, 12 F. Supp. 3d at 114.  The Court will therefore grant summary judgment to IRS.

### IV.  CONCLUSION

For the reasons above, the Court will grant IRS's motion for summary judgment, Dkt. 12.  A memorializing Order accompanies this Memorandum Opinion.


Date: August 24, 2015

>                    /s/
> ROSEMARY M. COLLYER
> United States District Judge